IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UTILITY SERVICE COMPANY, INC., | : | |
| | : | |
| Plaintiff, | : | 5:06-CV-207 (CAR) |
| | : | |
| vs. | : | |
| | : | |
| ST. PAUL TRAVELERS INSURANCE | : | |
| COMPANY; TRAVELERS PROPERTY | : | |
| CASUALTY INSURANCE COMPANY; and | : | |
| TRAVELERS INDEMNITY COMPANY, | : | |
| | : | |
| Defendants. | : | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND TO STAY DISCOVERY**

Before the Court is Defendants' Motion to Dismiss the Three-Count Complaint [Doc. 14] and Motions to Stay Discovery [Docs. 16 and 23]. For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. Consequently, the Court **DENIES** Defendants' Motions to Stay Discovery as moot.

**Motion to Dismiss Standard**

Defendants have moved to dismiss all of Plaintiff's claims, arguing that Plaintiff has failed to state a claim upon which relief can be granted. In reviewing Defendants' Motion to Dismiss under Rule 12(b)(6), the Court must construe the Complaint in the

1

light most favorable to Plaintiff and accept Plaintiff's alleged facts as true.  Day v. Taylor, 400 F.3d 1272 (11th Cir. 2005).  The Court may only grant a Rule 12(b)(6) motion if it is "demonstrated 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## Factual Background

The current action stems from a dispute between an insurance company and its insured.  Utility Service Company, Inc. ("USCI") is a business that services water tanks throughout the country.  From 1994 through the present, The Travelers Indemnity Company of America ("Travelers") issued a series of annual commercial general liability policies to USCI.  One of those policies provides that Travelers will indemnify and defend USCI against any suit seeking damages because of "bodily injury" or "property damage" to which the insurance policy applies.[1]

On March 6, 2004, a non-party filed a suit against USCI ("underlying action") in a Texas court alleging breach of contract, negligence, breach of implied and expressed warranties, violations of the Texas Deceptive Trade Practices Act, and "unconscionable conduct" in connection with water tank maintenance contracts.  Believing that its policy

---

[1] Travelers' policy reads as follows:  "[Travelers] will pay those sums that [USCI] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies.  [Travelers] will have the right and duty to defend the insured against any 'suit' seeking those damages."  (Exh. 1, 7.)

2

covered the underlying action, USCI timely informed Travelers of the suit, requesting a defense. Travelers immediately agreed to defend USCI, albeit under a reservation of rights.[2] It retained a Texas law firm to represent USCI against the non-party, and that firm has continued to represent and defend USCI throughout the underlying action.

Two years later, in March 2006, the parties to the underlying action agreed to mediate their dispute. On the day of the scheduled mediation, Travelers, for the first time, asserted that its policy did not cover the underlying action, and that it would not, therefore, contribute to any settlement. Needless to say, the parties' subsequent attempt at mediation failed. USCI then retained independent counsel to help with its defense in the underlying action. The case is presently scheduled to be tried in January 2007.

Unhappy with the failed mediation attempt, USCI filed an action in this Court, on June 21, 2006, requesting that the Court direct the parties regarding their rights and obligations under the insurance contract. USCI enumerates three counts in its Complaint. First, USCI alleges that Travelers breached its duty to defend when it denied coverage at mediation. Second, USCI seeks a declaration from this Court that Travelers has a present duty to indemnify. Finally, USCI requests attorney's fees for the independent counsel it has retained to litigate the underlying action. On August 29,

---

[2] Georgia courts require insurers to reserve their right to deny coverage when accepting the defense of the insured to preserve coverage defenses. See, e.g., State Farm Mut. Auto. Ins. Co. v. Anderson, 123 S.E.2d 876, 877 (Ga. Ct. App. 1990).

2006, Travelers filed a Motion to Dismiss all three counts for failure to state a claim upon which relief can be granted. The Court will first address USCI's argument concerning Travelers' alleged breach of its duty to defend.

**Breach of the Duty to Defend**

Count I of the Complaint, in a conclusory fashion, alleges that Travelers breached the insurance contract. (Compl. ¶ 23.) It fails, however, to specify any facts in support of that legal contention. Instead, it incorporates by reference *all* of the preceding paragraphs, forcing the Court (and Travelers) to sift through numerous factual allegations to distill the allegations material to the breach-of-contract claim. After doing just that, the Court finds that USCI's breach-of-contract claim is based on Travelers' denial of coverage at mediation, which USCI alleges constituted a withdrawal of Travelers' duty to defend. This claim is without merit.

The insurance contract, signed by both parties, imposes two separate duties on Travelers: a duty to defend and a duty to indemnify. "An insurer's duty to defend and its duty to indemnify are separate and independent obligations." See Nationwide Mut. Fire Ins. Co. v. Somers, 591 S.E.2d 430, 433 (Ga. Ct. App. 2003). Under Georgia law, an insurer's duty to defend requires the insurer to provide its insured with adequate defense against a claim that is even arguably within the policy's coverage. Id. Thus, this duty is triggered, if at all, as soon as a claim against the insured is filed. The duty to

4

indemnify, on the other hand, is triggered only when the insured becomes obligated to pay damages covered by the policy; in other words, when there is an entry of final judgment, settlement, or a final resolution of the underlying claims by some other means.  See Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001).

To date, Travelers has been fulfilling its duty to defend.  As soon as it became aware of the underlying action, Travelers retained a Texas law firm to defend USCI.  That firm has continued to represent USCI throughout the underlying action, at Travelers' expense.  The other duty imposed on Travelers by the insurance contract–the duty to indemnify–has not been triggered as of yet because the underlying action is still awaiting resolution.

Notwithstanding the fact that Travelers has been fulfilling its duty to defend, and that its duty to indemnify has not yet matured, USCI came up with a novel argument, in a transparent attempt to force Travelers to assume coverage and settle the case before trial.  This novel argument that Travelers' denial of coverage at mediation somehow constitutes a withdrawal of its duty to defend is without merit.  First, USCI does not point to, nor could the Court find, any legal authority which would support USCI's proposition that an insurer's denial of coverage constitutes a withdrawal of the insurer's duty to defend.  Second, USCI's argument ignores the distinction between the duty to

5

defend and the duty to indemnify.  Wrongful denial of coverage constitutes a breach of the duty to indemnify, not a withdrawal of the duty to defend.  Unfortunately for USCI, it is precluded from arguing a breach of the duty to indemnify because that duty has not yet matured.

In summary, even accepting USCI's alleged facts as true, the Court finds that USCI cannot, at this juncture, establish that Travelers withdrew its duty to defend by denying coverage at mediation because such argument is without any legal merit.  Accordingly, the Court **GRANTS** Travelers' Motion to Dismiss Plaintiff's breach of contract (Count I) claim.

## Declaratory Judgment Request

USCI seeks a determination from this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that Travelers has a duty to indemnify[3] USCI for potential liabilities stemming from the underlying action.  (Compl. ¶¶ 25-28.)  This request is premature.  Because USCI's liability has not been established in the underlying state court action, the Court declines to rule on the coverage issue.

The Declaratory Judgment Act[4] ("Act") provides federal courts with an

---

[3] As previously discussed, the Court finds that Travelers' has, to date, been fulfilling its duty to defend; therefore, the declaratory relief count pertains solely to Travelers' duty to indemnify.

[4] Travelers relies on Georgia state authority to support its Motion to Dismiss. Because the Complaint seeks a declaration of rights pursuant to the Declaratory

opportunity to award declaratory relief to qualifying litigants: "In a *case of actual controversy* within its jurisdiction, . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such determination . . ." 28 U.S.C. § 2201(a) (emphasis added). The existence of an actual controversy is a prerequisite to a federal court's jurisdiction, but even if an actual controversy exists, the court has substantial discretion in deciding whether to entertain a declaratory judgment action. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) ("By the [Act], Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief. . ."); Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so.").

Even assuming, without deciding, that an actual controversy is present,[5] the Court declines to rule on the coverage issue in this case. The duty to indemnify, or provide coverage to, an insured party is triggered only when the insured is determined to be liable for damages within the policy's coverage. As such, to preserve judicial

---

Judgment Act, the Court will analyze USCI's complaint in accordance with federal authority interpreting that Act.

[5] Supreme Court has strongly suggested that, for the purposes of declaratory relief, an "actual controversy" exists between the insured and the insurer, even absent a judgment against the insured. Md. Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273-274 (1941).

resources, the Eleventh Circuit has cautioned against declarations of insurers' indemnity obligations absent a liability determination in the underlying case. See Edwards v. Sharkey, 747 F.2d 684, 686 (11th Cir. 1984). District courts within the circuit have followed that advice. See, e.g., Erie Indem. Co. v. Acuity, 2006 WL 2048310 *4 (N.D. Ga. 2006); Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205, 1211 n.10 (S.D. Ala. 2005); Great N. Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67, 70 (N.D. Ga. 1968) ("The court should not [address] questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur.").

This Court sees no reason to depart from the rationale employed by the Eleventh Circuit and echoed by the district courts. The issue of USCI's liability in the underlying action has not been resolved in the state court action. Thus, insurance coverage has yet to, and may never, become relevant. Moreover, the absence of a ruling on the coverage issue will not prejudice USCI in any way–it may renew its request for declaratory relief if it is found liable in the underlying action. Yielding to considerations of judicial economy, the Court declines to rule on the coverage issue while the underlying action is still pending. Accordingly, to the extent USCI seeks a declaration that Travelers has a present duty to indemnify USCI in the underlying action (Count II), the Court denies that request and **GRANTS** Travelers' Motion to Dismiss.

**Attorneys' Fees for Independent Counsel**

Finally, USCI seeks attorney's fees for independent counsel that it hired to help defend it in the underlying action. (Compl. ¶¶ 25-28.) USCI claims that Travelers, by agreeing to defend USCI with a reservation of rights, created a conflict of interest between it and USCI in the conduct of the defense, forcing USCI to retain independent counsel. Relying on Am. Family Life Assurance Co. of Columbus, Ga v. U.S. Fire Ins. Co., 885 F.2d 826 (11th Cir. 1989), USCI seeks reimbursement of independent counsel fees.

Am. Family Life held that the presence of a conflict of interest may enable the insured to retain independent counsel at the expense of the insurer. Id. at 831. Travelers has not provided this Court with any authority that a reservation of rights letter does not, and cannot, create a conflict of interest, nor has Travelers provided this Court with any other legal authority which would support its Motion to Dismiss USCI's attorney's fees request. As such, the Court finds that Travelers has not carried its burden on this issue. Accordingly, the Court **DENIES** Travelers' Motion to Dismiss Plaintiff's request for independent counsel fees (Count III).

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss

9

USCI's breach-of-contract claim and USCI's request for declaratory relief, but the Court **DENIES** Defendants' Motion to Dismiss USCI's request for attorney's fees [Doc. 14]. In light of these determinations, the Court **DENIES** Defendants' Motions to Stay Discovery [Docs. 16 and 23] as moot.

**SO ORDERED**, this 22nd day of January, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

EHE/jab